IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANN M. REDING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-09-0414-C |
| | ) | |
| INDEPENDENT SCHOOL DISTRICT | ) | |
| NO. 57 OF GARFIELD COUNTY, | ) | |
| OKLAHOMA a/k/a Enid Public Schools, | ) | |
| a political subdivision of State of Oklahoma, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

Plaintiff was originally hired by Defendant in August of 1991 as an administrative intern. Prior to beginning her career with Enid, Plaintiff had worked for 19 years teaching in another state. Beginning in January of 1992, Plaintiff was employed by Defendant as an elementary school principal for Taft Elementary School. On May 2, 2008, Plaintiff filed a complaint with the Equal Employment Opportunity Commission, asserting that she had been discriminated against based on her age. In that complaint, Plaintiff stated that her salary did not properly reflect her years of experience or education and that the reason for the disparity was her age. In Plaintiff's filing with the EEOC, she recognized that she was paid as much or more than other individuals who were similarly situated, but asserted that she should have been paid significantly more than other employees because of her experience and education.

Arguing that the undisputed material facts demonstrate that Plaintiff is not entitled to relief, Defendant filed the present Motion for Summary Judgment. In support of its motion, Defendant argues that Plaintiff cannot establish a prima facie case because she cannot show

that any of the other elementary school principals received a salary that was higher than hers. In the alternative, Defendant argues that to the extent there are discrepancies in wages for other employees, those discrepancies were based upon nondiscriminatory reasons. In response, Plaintiff argues that her claim should survive, as she has established a prima facie case and has offered evidence demonstrating that Defendant's purported nondiscriminatory reasons are mere pretext. In the alternative, Plaintiff asserts that she has provided evidence from which a reasonable jury could find in her favor on a disparate impact claim.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at

2

324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## DISCUSSION

As noted, Defendant argues that Plaintiff cannot make out a prima facie case because the evidence before the Court demonstrates that at no time was she paid less than any other similarly situated employee and thus never suffered an adverse employment action. In response, Plaintiff has provided documents she purportedly obtained from the Oklahoma Department of Education which demonstrate other similarly situated employees were paid more than Plaintiff. Defendant objects to these documents and has filed a separate Motion to Strike, arguing the documents are inadmissible because they lack authentication and/or are hearsay. While Defendant's arguments may well support striking the exhibits, the Court finds that even if the exhibits are considered, Plaintiff's claim fails.

Accepting that Plaintiff's challenged exhibits establish a prima facie case, as that is the only element of the prima facie case challenged by Defendant, the question then arises whether the Court should apply the familiar McDonnell Douglas burden-shifting framework to evaluate the evidence. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). As

the parties recognize, the Tenth Circuit has not addressed this issue following the Supreme Court's decision in Gross v. FBL Financial Services, Inc., ___ U.S. ___, 129 S.Ct. 2343 (2009). Nothing in Gross precludes application of the McDonnell Douglas burden-shifting framework and it appears that the majority of district courts and circuit courts who have considered the issue have held that that framework still applies in light of Gross. Because Plaintiff has established a prima facie case, the burden now shifts to Defendant to offer a legitimate nondiscriminatory reason for the termination. See Montes v. Vail Clinic, Inc., 497 F.3d 1160, 1173 (10th Cir. 2007).

In support of its obligation, Defendant explains the reason why the salary for the other principal was more than Plaintiff's, that being the school at which she was employed, as well as the student make-up of that school. Plaintiff challenges Defendant's rationale, arguing it is nothing more than pretext, as there is no documentary evidence to support the reasons set forth by Defendant, and even if those numbers were supported, the fact remains that Plaintiff's prior work experience and/or education were sufficient to entitle her to an even greater salary than she received. Plaintiff argues that when her response to Defendant's purported legitimate nondiscriminatory reason is considered, it is clear that Defendant's reasons are pretext and therefore she is entitled to present her claims to the jury. According to Plaintiff, upon a showing of pretext, the claim must be decided by the jury.

Assuming without deciding that Plaintiff's analysis is correct, the Tenth Circuit and the Supreme Court have recognized that in certain circumstances a showing of pretext will not be adequate to sustain a claim of liability. See Young v. Dillon Cos., Inc., 468 F.3d

1243, 1250 (10th Cir. 2006) (citing Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 148 (2000)). Before Plaintiff is entitled to the inference of discrimination arising from a showing of pretext, the factfinder must be able to conclude, based upon a preponderance of the evidence, that discrimination was a determinative factor in the employer's actions. Simply disbelieving the employer is insufficient. Miller v. Eby Realty Group, LLC, 396 F.3d 1105, 1111 (10th Cir. 2005).

Coupled with this analytical framework is the Supreme Court's holding in Gross. "We hold that a plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action." Gross, ___ U.S. at ___, 129 S.Ct. at 2352. Thus, under Supreme Court precedent, Plaintiff must offer evidence from which a reasonable jury could find that her age was the reason for the disparity in pay. On this point Plaintiff has wholly failed to meet her obligation.

The evidentiary record before the Court offers nothing more than Plaintiff's rank speculation that age played a role. While she has offered some random comments by superiors about her retirement plans, the evidentiary record is wholly devoid of any indication age played any role in the decisionmaking process. As the Circuit stated in Doan v. Seagate Tech., Inc., 82 F.3d 974, 977 (10th Cir. 1996), "Speculation, however, will not suffice for evidence." In short, the Court finds that Plaintiff has failed to offer any evidence from which a reasonable jury could find that her age was the reason for any salary discrepancy. Accordingly, her claim for disparate treatment must fail.

As noted above, Plaintiff also complains that Defendant's actions had a disparate impact on her. Particularly, Plaintiff complains of Superintendent Garland Keithly's 2000 Plan, arguing it has a discriminatory impact on older employees because it permits the practice of hiring new, younger principals at a salary near to or above the salaries earned by older, more experienced principals at Enid Public Schools. "To establish a prima facie case of disparate impact discrimination, plaintiffs must show that a specific identifiable employment practice or policy caused a significant disparate impact on a protected group." Ortega v. Safeway Stores, Inc., 943 F.2d 1230, 1242 (10th Cir. 1991). "[I]t is not enough to simply allege that there is a disparate impact on workers, or point to a generalized policy that leads to such an impact. Rather, the employee is 'responsible for isolating and identifying the *specific* employment practices that are allegedly responsible for any observed statistical disparities.'" Smith v. City of Jackson, 544 U.S. 228, 241 (2005) (quoting Wards Cove Packing Co. v. Atonio, 490 U.S. 642, 656 (1989)).

Defendant argues that Plaintiff has failed to identify a specific policy or practice which resulted in a disparate impact. The Court agrees. Plaintiff points to the 2000 pay calculation policy; however, the application of that policy didn't result in a disparate impact. Plaintiff has noted her salary remained among the highest, if not the highest, of all other similarly situated employees. The other individuals pointed out by Plaintiff are classified in a different group, as they were not elementary school principals. The only other elementary school principal that Plaintiff notes is also likely in a separate class, as the circumstances for her pay were significantly different than Plaintiff's.

6

Nevertheless, even were the Court to accept Plaintiff as establishing a prima facie case, her claim for disparate impact would still fail. "[A]fter an employee establishes a prima facie case of disparate impact age discrimination under the ADEA, the burden of production shifts to the employer to assert that its neutral policy is based on a *reasonable* factor other than age." Pippin v. Burlington Resources Oil & Gas Co., 440 F.3d 1186, 1200 (10th Cir. 2006). "To prevail on an ADEA disparate impact claim, an employee must ultimately persuade the factfinder that the employer's asserted basis for the neutral policy is unreasonable. Id., citing Smith, 544 U.S. at 242. "The test is not whether there were other more narrowly tailored ways for the employer to achieve its legitimate business goals. Instead, the employee must show that the method selected was unreasonable." Pippin, 440 F.3d at 1200-1201 (citation omitted).

Here, Plaintiff has failed to offer any evidence from which a reasonable jury could make this determination. While she may disagree with the policy and manner in which it was applied there simply is no evidence from which a jury could find that it was not based upon reasonable factors other than age. 29 U.S.C. § 623(f)(1). In the absence of evidence controverting the existence of a reasonable factor other than age, Plaintiff's disparate impact claim must fail and Defendant is entitled to judgment on this claim.

For the reasons set forth herein, the Motion and Opening Brief in Support of the Enid School District's Motion for Summary Judgment (Dkt. No. 28) is GRANTED. A separate judgment shall issue. In light of the Court's disposition of the summary judgment motion,

Defendant's Motion to Strike Inadmissible Evidence and Improper Argument (Dkt. No. 48) is stricken as moot.

    IT IS SO ORDERED this 25th day of March, 2010.

*(signature)*
ROBIN J. CAUTHRON
United States District Judge